Mr. Bocchiere. Thank you, Your Honor. I knew it was your name there. Bocchiere, Your Honor. Thank you very much. I'm sorry. No, thank you for asking the question. May it please the Court. Good morning, Your Honors. May it please the Court. This is not a case in which the District Court decided the issue of whether or not the case is exceptional after making all the factual and legal particularized findings that this Court precedent has set. May I ask a question about the dismissal? Yes, Your Honor. There are some suggestions in that brief that you're complaining that the counterclaim of invalidity should not have been dismissed at all. But as I read your briefs before the District Court, the only issue is whether it should be dismissed with or without prejudice. Your Honor, there is one issue that we did raise with respect specifically to that, Your Honor's question. And that is that in this case, as Allure has admitted on page 8 of their brief, under the District Court's Markman ruling, Judge Bissell's Markman ruling, there could be no finding of infringement. So we would hold, Your Honor, that the Court should extend the Fort James rule. But I don't think you're answering my question. My question is this. You briefed before the District Court whether the dismissal of the counterclaim should have been with or without prejudice, right? To some extent in your brief, you seem to be saying you shouldn't have dismissed the counterclaims at all. I don't see that issue as having been raised before the District Court. You agreed, did you not, before the District Court that the counterclaim should have been dismissed? Your Honor, we did raise without prejudice. You're not just answering my question. No, no. Your Honor, we do not believe we raised that before the District Court. It's an issue for your Court that we believe is appropriately decided on the appeal. So you agreed that the counterclaim should be dismissed before the District Court? Yes, Your Honor. And the only issue you raised was with or without prejudice. That's correct, Your Honor, before the District Court. All right. Thank you. Rather, Your Honors, this is a... We believe that the Court can't extend its court change ruling after we're raising an appeal, Your Honor. Even though you didn't raise it at all? Yes, Your Honor. That it's appropriate in this case because of the finding that was made by Judge Bissell and that there would be no infringement under any circumstances. And as the Lord conceded on page 8 of the brief. In any event, Your Honor, with respect to the dismissal without prejudice, that violated the Third Circuit, excuse me, with prejudice, that violated Third Circuit ruling on the law in this case. And as Your Honor has noted, it should follow the law of the Regional Circuit. As Your Honor has noted in the prior cases. In any event, this case is not a case in which the District Court made a finding of exceptional case without making, after making a report of factional legal findings. Rather, this District Court issued an order in which they required a truncated 10-page submission which was not allowed to be tabbed onto a trial brief or a summary judgment motion and which was not allowed to have extensive citations to the appendix. And without discovery, they had already been ordered by the magistrate judge specifically tailored to the 285 issue. We maintain, Your Honor, and argue that this case is identical to the courts ruling in S. Superior Fireplace and S.C. Johnson in which the failure to provide particularized factual findings and legal reasoning prevented the court from reviewing the decision and constrained the court to vacate. We can look at the record, can't we? And make some kind of a judgment as to whether there's been an abuse of discretion in a very high standard? No, well, Your Honor, we would submit that the legal determination of whether or not the case is exceptional is, well, excuse me, the factual finding of whether or not the case is exceptional is based upon an incomplete record. All of the cases... What did you need discovery for? Well, because we need discovery to prove our inequitable conduct case and it was specifically deemed... Suppose we conclude the underlying world, since you didn't want to continue, at the district court level anyway, didn't want to continue the inequitable conduct case, you can't turn the attorney's fees question into an inequitable conduct issue. Putting that aside, putting aside inequitable conduct, why do you need discovery? For basis litigation, Your Honor, and for also litigation as conduct. Why? Because Mr. Ho, the CEO... I mean, the district court knew all this stuff. What's inadequate about the record as to those two issues? Because Magistrate Schwartz, contrary to the district court guidance, decided that discovery was appropriate, was timely, and was not delayed. We did raise inequitable conduct as soon as we learned it, unlike the lighting rope case in which 285... But you're not answering the question. I'm asking you to put aside inequitable conduct. Because we need discovery to further prove that the case was baseless to begin with. Allura withheld discovery on the issue that directly related to the Markman hearing. They submitted a false declaration, Your Honor, having to do with Taiwanese patent applications. Mr. Ho said that he was not aware of a Taiwanese patent application. We independently discovered information, and Magistrate Judge Schwartz decided... That's inequitable conduct. No, it's inequitable conduct. It's also baseless litigation, Your Honor, because it relates to whether or not the patent was disclaimed, whether or not they knew, and hid this information throughout discovery to begin with. That's litigation as conduct that fully justifies, under many of Your Honor's precedent, a finding of attorney's fees under 285. We need that discovery. We were deprived of it. We were diligent in pursuing discovery, and Magistrate Judge Schwartz specifically made a finding that we were diligent in awarding the discovery award. The case has a very unique situation, Your Honor, where there's a disclaimer of a Taiwanese patent application. Allura withheld that information, and they said that they had no foreign patent prosecution documents. They were ordered by Judge Schwartz to submit a declaration in which they were supposed to say their knowledge of the Taiwanese patent applications. They make a reference to that patent in their application itself? They make a reference to it, but they deny it. They didn't submit any kind of documents to the Patent Office except the foreign patent, right? They only submitted one, two pages of the foreign patent, not the complete record, Your Honor. And also, they did not submit a translation. But more importantly here, we were deprived of finding out when Mr. Ho first learned of the Taiwanese application, of the full translation and of the full application. It was also found independently by us and submitted to Judge Bissell and Mark. We were deprived of taking Mr. Ho's deposition after we learned of that information, and that was all before Judge Schwartz. And they dismissed the case, very unusually in this case, three days after they learned that we knew that Mr. Ho's declaration was false. Again, in his declaration, he said that he had no knowledge of the Taiwanese applications. And yet we found, as is proven in the appendix, Your Honor, we found that he had submitted a power of attorney and an assignment for the Taiwanese application, very one he denied any knowledge of. But coming back to the major question here, the district judge says, having reviewed the record and the litigation since 2003, they find insufficient basis. Why isn't that adequate? Very specifically, Your Honor, first of all, because it's an incomplete record. And we were deprived of the record that we could have developed. And secondly, because the court— But the judge is aware of all of the aspects of the record that were developed and undeveloped in the whole course of the litigation. Two points to that, Your Honor. First of all, is they didn't make the particularized factual and legal findings. We would argue, Your Honors, that there is not a sufficient record for you to affirm the district court. The district court is made clear in the superior— They did not find any particularized findings. In the Superior Fire case and the S.H.C. Johnson case, Your Honors have said that there must be detailed factual findings and there must be a record. There is no record to support the district court. Moreover, there's an incomplete record. Thirdly, the procedure that we were allowed to submit— was severely truncated to a 10-page submission. And we would suggest, Your Honors, that the proper procedure is to file— is to follow the procedure outlined in the Highway Equipment case, in which after a SuperSAC motion was filed, the court still allowed a four-day evidentiary period. Otherwise, this will literally encourage plaintiffs to dismiss their cases. Why would anybody give a cover not to sue if the consequence of that is going to be a new litigation raising the same issues in the context of attorneyship? It's not a new litigation. It's pursuant to the litigation. But more importantly, the flip side of that is, as the court said in the Chris Cross case, which will establish a policy encouraging plaintiffs to sue until they get caught in discovery and then dismiss their case and escape the consequences of 285. That is also— There's a countervailing policy that would encourage baseless litigation and then allow them to escape impunity simply by dismissing the case. I'll save our remaining time for a bubble. Thank you, Your Honors. Mr. Howell? When Your Honors, please, the court, I'm not sure I have very much to say. I think Your Honors have asked the right questions. This case was over when Allure tendered and filed a covenant not to sue. And when the trial court specifically addressed the issue of whether or not it was an exceptional case and took up the defendant's request for attorney's fees, the court looked at the whole record. The grader just cited from the April 28, 2006 order of Judge Hochberg where she said she reviewed the record of the parties and all the submissions of the parties. So everything was done. As at the time we had the case dismissed, the court looked at whether or not there had been any kind of abuse in the process. Did not find any, so on and so forth. Mr. Howell? Yes, sir. What about the dismissal prejudice? We filed the super set case. I'm sorry. Does that prevent them from coming back later for subsequent infringements? Not at all. The only thing they, if they come out with a different product, a completely redesigned product, and they were to sell that and we believe that our client thought it would be infringed, they could sue on that and then they could raise all their defenses of invalidity in actual conduct. As a matter of fact, not only did we, Alura, say that in our papers in the covenant not to sue, but so did Judge Hochberg in her order. She specifically found that they are not precluded in the future from arguing or raising all their defenses in connection with any future product. So why was it dismissed with prejudice instead of without prejudice? Well, we asked that in our motion to dismiss, we asked that the counterclaims be dismissed with prejudice and that is what Judge Hochberg did and we were following the super set case. Where does super set, I've read super set, where does super set say that the counterclaims should be dismissed with prejudice? It affirmed. Where? Where? Where in the case. I don't believe that specific question is the focus of that appeal. The super set court just affirmed. It really didn't focus on that. I don't think it did either. It just affirmed the lower court dismissal, which was with prejudice. Again, I think it's harmless. I mean, from Alura's perspective, we gave them the covenant not to sue, so they don't have to. But in super set, if the case was dismissed without the jurisdiction, how could it be dismissed with prejudice? I think my understanding or my reading of that case is that it was based on There was no jurisdiction. Correct. So you can't really dismiss it with prejudice, because with prejudice there's a determination of embarrassment. I don't think it's mandated that it can't be with prejudice, and in fact it was with prejudice in that case, and the judge did agree with prejudice also. Intellectual property development seems to say it should be without prejudice, right? In that case, the Federal Circuit affirmed without prejudice dismissal. I'm not sure that the court specifically found it has to be without prejudice, but it did. But how do you answer the question about the jurisdiction? There's no jurisdiction. How can the court dismiss with prejudice? I think my understanding is that the court, just as the court can dismiss the complaint with prejudice, and if the defendant or the defendant's case is with prejudice. It has jurisdiction. Correct. Without jurisdiction, you can't really dismiss with prejudice, can you? I thought you could based on the Supersact case. Well, that was an initial Supersact. Supersact says it was without jurisdiction. Correct. So if you don't have jurisdiction, you can't dismiss with prejudice. Do you have logic? No. As I said, that's what happened in that case when you filed the Supersact case. The only other point I would say today, and you guys probably are aware of, is the timeline in this case. This case was dismissed months after the Markman ruling, and leading up to the Markman ruling, the parties both agreed to stay and discover the case. And so both sides were waiting for the Markman ruling, and when the Markman ruling came down, what happened was the defendant said to the court, we need eight months for the fact to discover. And we came to the court and said, if the case continues, we don't need much fact discovery, but in any event, we think it should be settled for reasons, namely that the defendant had stopped selling the allegedly infringing product, and the level of sales was so low, they didn't even justify continuing with the case on appeal or in discovery. We tried to settle it on that basis with a covenant not to sue. We were unable to do that, so we took the last step, which was under Supersact. We just tendered the covenant not to sue and said the case therefore the court was divested of subject matter jurisdiction. So this case never even got close to completion in terms of discovery. And so, again, the case was overlooked. Again, the covenant was filed, and the court reviewed the submissions of the defendant on all of the issues that they raised down below and that are also raised here on this appeal. Unless your Honors have any questions. Thank you. Yes, Your Honor, thank you. First of all, the case should be dismissed at a minimum without prejudice, as Your Honors know. Mr. Hogg just conceded that the case never got close to the close of discovery. That's absolutely true. This complaint was filed with chill competition, and very little was done to prosecute the case. We did not agree to a stay of litigation. Rather, the Magistrate Judge supervising discovery, limited discovery, excuse me, refused to rule on our motions to compel for a year. This is an unusual case in which litigation counsel also wrote the patent involved. There was a deposition of Mr. Hogg. Ms. Pan wrote the patent. Ms. Pan said that she's not aware of a Taiwanese patent application. There's two patent applications. The full text of the patent application specifically defined that their patent application, excuse me, disclaimed a device that was fused from the outset, as outlined in our brief. That's directly relevant to whether or not this case was filed with knowledge that it could never have a finding of infringement, as Judge Bissell found. The district court did not have a full record before it. Your Honors asked me before whether or not this court could find, based on the record that the district court made, the appropriate findings. However, in all cases that the court has confirmed to lower court, such as consolidated aluminum, transplanted, et cetera, there was a full, developed record in which the court made factual findings sufficient to where the court could make its basis. Here the district court simply found reviewing the record as a whole does not justify an order of deterrence. There was absolutely no finding of exceptionality whatsoever. So there is no finding for this court, I respectfully submit, to sustain the district court's opinion. Mr. Bocchiari, I just want to ask you a question regarding the dismissal of the prejudice of the law defenders. Yes, Your Honors. Mr. Hogg said that the dismissal would not prevent you from challenging delivery, enforceability, and the subsequent action? No, we completely disagree with that, Your Honor. Dismissal with prejudice is what it says. We believe that it would deprive us of the defense of validity and inequitable conduct with respect to that particular patent, the 401 patent issue. That's exactly why cases are dismissed without prejudice. So you're saying that his representation here before us is not proper? Well, we would say that... It would prevent you from challenging validity, enforceability, and future data? We believe that the finding of dismissal without prejudice is legally improper, Your Honor, because we should have a chance to raise that defense with respect to another product that we might make. Yes, we agree with him legally under the cases. We agree with what Your Honor is indicating that it should have been without prejudice at a minimum. But also, the court went... It's interesting to note, he said that this was dismissed a few months after the Markman hearing. That's not correct. It was dismissed a year after the Markman hearing was ruled. And moreover, the information that they cited in their brief that said that they relied on for saying that we stopped selling our product was actually found out by them two years before. Rather, the triggering event here in dismissing this case was our telling it that we found out that Mr. Ho had signed declarations submitted to Tylenol's patent office that was directly contrary to the declaration that he submitted, Mr. Ho submitted, to Judge Magistrate Schwartz. We want a motion to compel. And Ms. Schwartz compelled Allure and the CEO to submit a declaration stating its knowledge and its role in the timing of its patent applications. That relates centrally to the baselessness of this case, whether or not it was inequitable conduct. They spend a lot of time in their brief defending inequitable conduct on the merits and absence of baseless litigation. However, none of those findings are in the district court's opinion. There isn't even a sentence in there that says the case is not exceptional. It just says that attorney's fees are not appropriate. And they say the district court is mindful of the policies encouraging voluntary dismissals, as Your Honor indicated. Why would anyone dismiss a case? Well, the flip side of that, Your Honor, as I mentioned before, is the Chris Craft case by the district court which said that otherwise, and that was a case in which the plaintiff dismissed this case pursuant to a public dedication after starting the litigation. My client was trying for two and a half years of litigation only to have it dismissed on the eve of finally getting the discovery that we fought for two years together. That would be unfair. It would also be unfair to uphold the district court's finding of lack of exceptionality without allowing us to develop a record and at least have a full briefing tantamount to a summary judgment motion. We didn't even get that. We got a ten-page submission without, I'll remind the court, without extensive citations to the record or appendixes. So we are left to wonder, what record did the district court review? There isn't any indication, any opinion, and it doesn't square up this court's precedent in the cases that it has decided, particularly Superior Court and S.C. Johnson. Finally, the dismissal finding, Your Honor, Whitey wrote, does not square with this case because that was a case in which, again, inequitable conduct was not raised until after the trial on the merits here. There was no trial. There was only a mark in here. We pursued everything. Our discovery was stayed by Magistrate Haneke, and once Judge Bissell retired, we got a new magistrate. Then discovery started to happen, and then we started to get to the bottom of things, and that's when we were dismissed as complainant. So as in S.C. Johnson and as in the secured fireplace, we believe the court should reverse and remand for further findings on the issue of 285. And let's bear in mind, yes, Your Honor. I think you'll see that the red light is on. Your Honor, I was looking at the 38 seconds. Thank you very much. I was going to say that under each of the findings, the court must make specific factual legal findings as to each of our basis for attorney's fees, which are three of them, baseless, inequitable conduct, and litigation as conduct. Thank you, Your Honor. Thank you.